**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

CHASE WINTON,

Plaintiff,

v. CASE NO.:

SAFETY HOLDINGS INC. d/b/a
SAMBASAFETY,

Defendant.
_______________________________________/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Chase Winton (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendant, Safety Holdings Inc. d/b/a SambaSafety (hereinafter "SambaSafety"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. Consumer reporting agencies that create background reports, like SambaSafety, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for

them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

3. When a consumer, like Plaintiff, disputes information through the consumer reporting agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

4. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

5. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

6. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

7. Venue is proper in this District and in the Pensacola Division as Plaintiff resides within the District and Division, the violations described in this Complaint occurred within the District, and Defendant also transacts business

within this District.

8. Plaintiff is a natural person and resident of Santa Rosa County, in the State of Florida.

9. Plaintiff is a “consumer” as defined by the FCRA, 15 U.S.C. § 1681a(c).

10. SambaSafety is a corporation with its principal place of business in the State of Colorado and doing business in the State of Florida through its registered agent, CT Corporation System located at 1200 South Pine Island Rd, Plantation, FL 33324.

11. SambaSafety is a “consumer reporting agency” as defined in 15 U.S.C. § 1681a(f). SambaSafety is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing background reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

12. SambaSafety disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

13. Plaintiff previously had certain criminal records that were expunged by court order (the “Expunged Records”).

14. Following the expungement, the Expunged Records should not have

appeared on any background report concerning Plaintiff.

15. In approximately June 2026, Plaintiff applied to work as a driver with Uber.

16. Uber obtained a background report concerning Plaintiff from SambaSafety.

17. To Plaintiff's shock and dismay, the SambaSafety background report included the Expunged Records.

18. As a result of the SambaSafety background report, Plaintiff was denied the opportunity to work with Uber.

19. On or about June 15, 2026, Plaintiff mailed a written through USPS (Tracking # 9589 0710 5270 3303 4160 94) a dispute to SambaSafety explaining that the Expunged Records had been sealed and should not be reporting. In support of this, Plaintiff included images of his driver's license and social security number to prove his ID, images of the reporting of the sealed information, and a copy of the Court Order sealing the records in question.

20. Having not received a response from Sambasafety as to his dispute, on or about September 4, 2026, Plaintiff mailed through USPS (Tracking # 9407 1111 0549 5838 7133 11) another written dispute to SambaSafety again explaining that the Expunged Records had been sealed and should not be reported. In support of this, Plaintiff included images of his driver's license and social security number

to prove his ID, images of the reporting of the sealed information, and a copy of the Court Order sealing the records in question.

21. SambaSafety failed to take basic steps to verify the details in its background reports, including whether the records it reported had been expunged, and failed to conduct any reinvestigation once Plaintiff disputed them.

22. SambaSafety clearly does not have policies and procedures in place to ensure the maximum possible accuracy of the consumer reports it publishes.

23. Had SambaSafety conducted a reasonable investigation, the results would have been different.

24. Other individuals have lodged complaints similar to the Plaintiff's in this matter, including direct complaints, CFPB complaints, FTC complaints, and via lawsuits.

25. As a result of the inaccurate consumer reporting, Plaintiff has suffered damages, including, but not limited to:

i. Defamation as SambaSafety published inaccurate information to third party entities such as Uber;

ii. Loss of time attempting to cure the errors;

iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life;

iv. Loss of opportunity and delays in obtaining employment;

v. Plaintiff was denied the opportunity to work with Uber, which he would have otherwise achieved had SambaSafety maintained proper policies and procedures to ensure the accuracy of its reports;

vi. Lost wages.

## CAUSES OF ACTION

## COUNT I

### Violation of 15 U.S.C. § 1681e(b) as to Defendant, Safety Holdings Inc. d/b/a SambaSafety (Negligent)

26. Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-five (25) above as if fully stated herein.

27. SambaSafety violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the background report and consumer files it published and maintains concerning Plaintiff.

28. SambaSafety allowed inaccurate information to be reported on Plaintiff's consumer file.

29. As a direct result of this conduct, action and/or inaction of SambaSafety, Plaintiff suffered damages, including without limitation, denials for work; loss of time; financial loss; and mental and emotional pain stemming from

the anguish, humiliation, apprehension in applying for work, and the damages otherwise outlined in this Complaint.

30. The conduct, action, and/or inaction of SambaSafety was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

31. Plaintiff is entitled to recover costs and attorney's fees from SambaSafety in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Chase Winton, respectfully requests that this Court award actual damages against Defendant, Safety Holdings Inc. d/b/a SambaSafety; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT II**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Safety Holdings Inc. d/b/a SambaSafety**
**(Willful)**

32. Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-five (25) above as if fully stated herein.

33. SambaSafety violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the background report and consumer files it published and maintains

concerning Plaintiff.

34. SambaSafety allowed inaccurate information to be reported on Plaintiff's consumer file.

35. As a direct result of this conduct, action and/or inaction of SambaSafety, Plaintiff suffered damages, including without limitation, denials for work; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for work, and the damages otherwise outlined in this Complaint.

36. The conduct, action, and/or inaction of SambaSafety was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

37. Plaintiff is entitled to recover costs and attorney's fees from SambaSafety in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Chase Winton, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Safety Holdings Inc. d/b/a SambaSafety; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Chase Winton, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendant, Safety Holdings Inc. d/b/a SambaSafety; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 6th day of October, 2026.

Respectfully submitted,

***/s/ Octavio Gomez***
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
Lisa@theconsumerlawyers.com
*Attorney for Plaintiff*